CHERYL L. SCHRECK, CA Bar No. 130083
cheryl.schreck@ogletreedeakins.com
BETH A. GUNN, CA Bar No. 218889
beth.gunn@ogletreedeakins.com
CATHERINE J. COBLE, CA Bar No. 223461
catherine.coble@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendants
BBVA COMPASS CONSULTING AND
BENEFITS, INC. and COMPASS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL DEAVER, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>BBVA COMPASS CONSULTING AND BENEFITS, INC., a Texas corporation; COMPASS BANK, an Alabama corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. EDCV 11-1489 PSG (OPx)<br><br>**[DISCOVERY MATTER]**<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER BY THE PARTIES**<br><br>[Concurrently filed with Joint Stipulation for Protective Order]<br><br>Complaint Filed: May 9, 2011<br>Trial Date: January 13, 2012 |

Based upon the Stipulated Protective Order submitted by parties, and for good cause shown:

The Court hereby orders that:

# 1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of material that a producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including but not limited to (1) proprietary procedures, manuals, and policies, (2) proprietary and confidential operations information, including agreements or specifications; (3) internal business or financial information; (4) confidential scientific and technical designs, formulations, and information; (5) the personnel files of non-party employees of Defendant; (6) the private information of present or former employees of Defendant, including putative class members, and (7) any other similar proprietary, confidential, or private information.  The Parties expressly adopt the definition of "trade secrets," as set forth by California Civil Code section 3426.1, in this Stipulated Protective Order.

Good cause exists to protect each of the categories of documents identified above, as prejudice or harm to a Party or third party may result if no protective order is granted.  In particular, business competitors of Defendant could obtain an unfair advantage, Defendant could be economically prejudiced, customers of Defendant could be economically prejudiced, and the privacy rights of Defendant's past and present employees could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order.   The Parties seek to avoid undue economic harm to the Parties and third parties resulting from complying with their discovery obligations.  The purpose of this Stipulated Protective Order is to protect the legitimately designated confidential business, employee and privacy protected information to be produced in this action

from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties, and third parties designating documents for protection under this Order, acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## 2. DEFINITIONS

2.1.   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.   Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under provisions of Paragraph 1.

2.4.   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5.   Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.6.   Producing Party: a Party or non-party that produces Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8. Protected Material: any Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" or that contains any Private Material.

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. House Counsel: attorneys who are employees of a Party.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of an adverse Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14. Private Material: any document or other Discovery Material that contains the names and addresses of any current or former employees of Defendant.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that actually reveal Protected Material. Protected Material used at trial

will become public absent a separate court order upon written motion and sufficient cause shown.  Any Party that intends to use Protected Material at trial will provide sufficient notice of the use of Protected Material, identifying the Protected Material with specificity, within sufficient time for the other Party to seek, via regular motion practice, a court order.  Sufficient notice shall be not less than ten days prior to the time by which a motion to protect Protected Material must be filed.

## 4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1  ONLY").

2  (b) for testimony given in deposition or in other pretrial proceedings, that Designating Party, or if the Designating Party is not present the Party or non-party offering or sponsoring the testimony, identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or by e-mail) with counsel for the Designating Party.  For any designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party shall, within five (5) court days following a request, provide the Party challenging the designation with a written statement supporting its contention why disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means including a designation as "CONFIDENTIAL."  If such statement is not timely provided, the material will be automatically reclassified as "CONFIDENTIAL." In conferring regarding "CONFIDENTIAL" designations, the Designating Party must explain in writing, within ten (10) days following a request to justify a designation, the basis for its

belief that the confidentiality designation was proper or whether it will reconsider the circumstances and change the designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.  The meet and confer requirements of this paragraph, to the extent they are not duplicative, shall be in addition to the meet and confer requirements required by Central District of California Local Rule 37.

      6.3.   Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion, consistent with the requirements of Section 10 of this Protective Order, that identifies the challenged material and sets forth in detail the basis for the challenge.  The filing of any such motion must be in the form of a Joint Stipulation that complies with the requirements of Central District of California Local Rule 37.  Each Joint Stipulation must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, and that sets forth with specificity the lack of justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1.   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business purposes or in connection with any other litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party

must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   the officers, directors, and managers  (excluding putative class members and, if a class is certified, all class members) of the Designating Party during direct- or cross-examination during a deposition, to whom disclosure is reasonably necessary for this litigation;

(d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)   the Court and its personnel;

(f)   court reporters (court reporters employed by the Court are not subject to this Stipulated Protective Order), their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have been informed that the information is subject to a Protective Order and must remain

confidential;

  (g) Provided that the Parties have agreed to the disclosure in writing, or the Court has ordered the disclosure, potential witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

  (h) Provided that the Parties have agreed to the disclosure in writing, or the Court has ordered the disclosure, putative class members in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);  and

  (i) the author of the document, or the original source of the information or Private Material and who has previously been shown the document by Designating Party.

 7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

  (a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

  (b) the officers, directors, and managers (excluding putative class members and, if a class is certified, all class members) of the Designating Party during direct- or cross-examination during a deposition or trial, to whom disclosure

is reasonably necessary for this litigation;

      (c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (d)    the Court and its personnel;

      (e)    court reporters (court reporters employed by the Court are not subject to this Stipulated Protective Order), their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      (f)    the author of the document or the original source of the information.

      7.4.    Procedures for Disclosure of Protected Material to "Experts":

Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated Protected Material first must inform the Designating Party that (1) Protected Material information will be provided to an Expert, (2) that the Expert has executed Exhibit "A", (3) that the Receiving Party of the Protected Material information has the Expert's executed Exhibit "A" in its possession prior to the release of any Protected Material information to the Expert; (4) and that the Expert has agreed not to disclose the Protected Material to anyone who has not agreed to be bound by Exhibit "A."  Provided the Receiving Party complies with the provisions of this Paragraph 7.4, the Receiving Party has no obligation to disclose the identity of any of its Experts (as defined in this Order) pursuant to this Paragraph 7.4, but this Paragraph 7.4 shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the parties or order of the Court.

      7.5    Restrictions on Use of Private Materials.  The Private Materials shall not be used for the purpose of contacting current employees of Defendant during

times at which Defendant's employees are scheduled and/or expected to be working for Defendant, nor shall information from the Private Materials be revealed to the media.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) as soon as practicable, and each party will use its best efforts to provide this notice within three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  The Receiving Party also must make reasonable efforts to inform in writing promptly the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

A Receiving Party may not file in the public record in this action any Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" without complying with Federal Rule of Civil Procedure 26(c) regarding lodging or filing material under seal. Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party has previously challenged, in any manner, the designation of the Protected Material which is the subject of the motion to seal. Any Party seeking to file Protected Material under seal must comply with Central District of California Local Rule 79-5.

## 11. USING PROTECTED MATERIAL AT TRIAL

Not later than the deadline for filing pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a), the Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order. In the event that the Parties cannot agree upon the procedures for use of Protected Material at trial, each Party shall include a notation in its pretrial disclosures that the intended disclosure contains Protected Material. The Parties may object to the disclosure of Protected Material pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), and the Court shall resolve any outstanding disputes over such disclosure.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action and upon demand, each Receiving

Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**13.    MISCELLANEOUS**

12.1.   Counsel agree to maintain a file of all Certifications (Exhibit A) required by this Agreement.  The file containing the Certifications (Exhibit A) and the specific Certifications therein shall not be available for review by opposing counsel absent agreement of the parties or an order of the Court to this action determining that there is a good faith basis for the Certifications, or any part of them, to be reviewed.

12.2.   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3.   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1  Stipulated Protective Order. Similarly, no Party waives any right to object on any
2  ground to use in evidence of any of the material covered by this Protective Order.
3      **IT IS SO ORDERED**.
4
5  Dated: June 18, 2012     _____
6                    Magistrate Oswald Parada
7                    United State Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California, on _____, 2012 in the case of <u>Cheryl Deaver et al. v. BBVA Compass Consulting and Benefits, Inc</u>., Case No. EDCV 11-1489 PSG (OPx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

On June 13, 2012, I served the following document(s) described as:

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER BY THE PARTIIES

on the persons below as follows:

| | |
|---|---|
| Roger Carter, Esq.<br>THE CARTER LAW FIRM<br>2030 Main Street, Suite 1300<br>Irvine, CA  92614 | Co-Counsel for Plaintiff Cheryl Deaver, individually and on behalf of all others similarly situated and on behalf of the general public |
| Scott B. Cooper, Esq.<br>THE COOPER LAW FIRM, P.C.<br>2030 Main Street, Suite 1300<br>Irvine, CA  92614 | Co-Counsel for Plaintiff Cheryl Deaver, individually and on behalf of all others similarly situated and on behalf of the general public |
| Marc H. Phelps, Esq.<br>THE PHELPS LAW GROUP<br>2030 Main Street, Suite 1300<br>Irvine, CA  92614 | Co-Counsel for Plaintiff Cheryl Deaver, individually and on behalf of all others similarly situated and on behalf of the general public |

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐ deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒ placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 13, 2012, at Los Angeles, California.

| | |
|---|---|
| Adriana Preciado | /s/ - Adriana Preciado |
| Type or Print Name | Signature |

\*   **(SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**

12560805.1 (OGLETREE)